## MARION JOHNSON et al v. THE STATE.

### COURT OF APPEALS, AUSTIN TERM, 1882.

*Practice—Judgment nisi—Forfeited appearance bond—Construction of statute.* —Article 1287, Revised Statutes, providing, "That all suits in which final judgments have not been rendered by default, as herein provided, shall be called for trial in the order in which they stand on the docket to which they belong, unless otherwise ordered by the courts;" *held*, to apply to criminal cases, and a judgment *nisi* taken on a forfeited appearance bond, called out of its regular order on the docket, there being no further order in the case, was taken without authority of law, and is void.

Appeal from the District Court of Denton county—Opinion by Hurt, J.—This case is before us on petition for rehearing. The case presents this state of facts: Appellants were sureties of one A. P. Johnson, who was indicted in the District Court of Denton county, charged with the offense of perjury. Their principal appeared at the time he was required by the terms of his bond, and was placed

upon trial; the jury, failing to agree upon a verdict, was discharged, and no further disposition was then made of the case. Johnson's case was numbered upon the docket at that term 1509; the last case upon the docket was numbered 1724. After the discharge of the jury, the regular call of the trial docket was proceeded with and disposed of up to and including case No. 1618, which was called and disposed of. The case of A. P. Johnson, No. 1509, was then called, and, he failing to answer, a forfeiture of his bond was taken.

The mistrial was had on the twenty-second day of September, 1879; the forfeiture was taken on the ninth day of October, 1879. Immediately following the forfeiture and judgment *nisi* the call of the docket was regularly resumed, and cases Nos. 1633, 1650 and 1688 were on that day called and disposed of for the term, and the call of the docket regularly proceeded with, the last case called during the term being No. 1714.

Citation issued against the sureties to show cause why said judgment *nisi* should not be made final, and, among other defenses, they say that said judgment *nisi* was taken in violation of law, in that the case of their principal was called out of its regular order, and said forfeiture was taken in violation of the law of the land.

The above history shows, evidently, that this case was called out of its regular order. Article 1287 of the Revised Statutes provides that all suits in which final judgments have not been rendered by default, as hereinbefore provided, shall be called for trial in the order in which they stand on the docket to which they belong, unless otherwise ordered by the court.

There was no order by the court in relation to this case. The question presented is, does the above article apply to criminal causes? We think so.

To hold otherwise would be to convert the courts of the country into machines of oppression and deception, by which the citizens could be ensnared and deprived of their property in violation of the law; and establishing this as a precedent would virtually determine that all parties under bond would be compelled to attend court during the whole term or suffer the consequences of an hour's absence during the term.

We are of the opinion that the judgment *nisi* was taken without authority of law, and is void.

The rehearing is granted, and, upon the merits, the judgment is reversed and the cause remanded.